Th-e Chief Justice, delivered the following opinion of the courtThe question arises out of a-bill: of' exceptions, which states, that upon the trial of the indictment against the defendant,- for an assault and battery on ^ overseer of a road, whilst in the exercise of his official duties, the counsel for the commonwealth moved the court- to instruct the jury, that a copy of an orc¡er gf the county court, should be considered' by , . J , 7 . ¶ , J them as correct; in as much as that court had no power over the judgments: or orders of the county court. The bill of exceptions states, that it was the order establish- . , ’ , . r , , ,ng the road in question, and sets it forth at large. I:he order recites, that certain persons- by name, “ being appointed viewers of a road beginning at- the county line, where” &c. “ and ending, &c. which report is ordered to be confirmed and established.” But the court overruled the motion; and permitted the jury to take into consideration the legality of-the order of the county court respecting the road.
It is certainly a correct principle; that- neither the-circuit court, nor the jury, had a right to inquire into- the legality, formality, or irregularity of the proceedings of the county court, in the establishment of a road.
Although irregularities may have been committed, and the requisites of the law respecting roads may have been dispensed with, that order- must- be final and-conclusive, until set aside or reversed by the- court having proper control over the orders of the county court. The only point, really presented by the bill- of exceptions, seems to be, whether the legality of the order produced, could be gone into .in that collateral way. *443 S’be .order produced, is very informally expressed ; but it sufficiently appears, thait the road, from the beginning, running 'by the places, and to the end, as expressed in the order, 'had been established by the county court.
The motion, therefore, to the court was proper, and ought-to have prevailed. The jury ought to have had nothing to dp with the legality, of illegality, or irregularity of the order ; and the opinion of the court in that respect was erroneous.
Wherefore, it is considered by this court, that the verdict and judgment, in the said indictment, for the said ¡misdemeanor, be set aside and annulled, and the cause remanded to the circuit court, for new proceedings to be had therein- conformable to this opinion. And it is also considered, that the defendant pay to the prosecutor, Thomas Davis, at the foot of the indictment set down, and now prosecuting in this behalf, the costs by him in this behalf expended.